IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ADRIAN O. MOORE, # 192273                                              PETITIONER

VS.                                              CIVIL ACTION NO.   1:18-cv-156-HSO-FKB

WARDEN ANDREW MILLS                                                    RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the Court on Respondent Warden Andrew Mills's Motion to Dismiss [10]. Thereafter, Petitioner made numerous filings. *See* [12], [13], [14], [15], [16], [17], [18], [21], [22], [23], [24], [25], [26], [27], [31], [32], [33], [34], [35], [37]. The Respondent has, in turn, filed responses to many of Petitioner's filings. *See* [28], [29], [30], [36]. Respondent argues that Moore's petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed because it is untimely, or, alternatively, Moore has failed to exhaust state court remedies. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted, and this action be dismissed without prejudice.

FACTS AND PROCEDURAL HISTORY

In his petition, Moore challenges his convictions of murder and aggravated assault in the Circuit Court of Jackson County, Mississippi. [10-1]. At trial, the surviving victim identified Moore as the person who had shot him and his half-brother, who died from his wounds. [11-4] at 50-55; *Moore v. State*, 204 So. 3d 339, 340-341 (Miss. Ct. App. 2016). On July 25, 2014, the trial court sentenced Moore to life in prison on the murder conviction and twenty (20) years on the aggravated assault conviction, with the sentences to run consecutively to one another. *Id.* at 2.

Moore appealed his convictions and sentences to the Mississippi Supreme Court, raising the following two issues:

1. Whether the trial court erred in denying the defense's motion for a mistrial after the jury indicated it was deadlocked; and

2. Whether the trial court erred when it refused to allow the defense to make a record of testimony that the trial court ruled as inadmissible.

*Moore*, 204 So. 3d at 341, 343.

On March 8, 2016, the Mississippi Court of Appeals affirmed. *See Moore*, 204 So. 3d at 345. Thereafter, the Mississippi Court of Appeals denied rehearing on August 9, 2016, and the Mississippi Supreme Court denied Moore's petition for writ of *certiorari* on October 27, 2016. *Id.* Moore's convictions became final on January 25, 2017, ninety (90) days after the Mississippi Supreme Court denied *certiorari* review. *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). Moore claims that he appealed his conviction to the United States Supreme Court, [1] at 12-13, and he received no response, but he provides no evidence to support his claim.[1] Accordingly, Moore's federal petition for habeas corpus relief was due in this Court on or before January 25, 2018, unless Moore filed a "properly filed" application for post-conviction relief under 28 U.S.C. § 2244(d)(2) to toll the one year federal statute of limitations.

Prior to and after his convictions were affirmed, Moore made several filings related to his convictions in the Mississippi Supreme Court and Court of Appeals, which were all denied. Moore admits that he has yet to pursue post-conviction relief in the state court system on the grounds he has raised in his habeas petition. [1] at 6-11.

---

[1] The State contends that its search of the state court record and the electronic docket of the United States Supreme

Moore's signed, but undated, petition was post-marked on May 1, 2018, and filed in this Court on May 7, 2018. [1-1]. In this action, Moore raises the following grounds for relief:

1. Violation of 4th U.S.C.A. in issuance of warrant and collection of evidence. Invalid warrant.

2. Ineffective assistance of counsel by misconduct of prosecution and deplural [sic] performance of appeal counsel.

3. Violation of 6th U.S.C.A.

4. The jury instruction S-5 should not have been given to the jury.

5. Violation of U.S.C.A. 14th; lack of arrest warrant.

6. Prosecution misconduct by failure of Due Process.

7. Affidavit for search warrant improper.

8. The failure to impeach key witness due to perjury.

9. Bad law.

10. Falsity.

11. JNOV, lack of physical evidence.

[1] at 5-10, 16-18.

In its Motion to Dismiss, the State argues that Moore's filings before the Mississippi appellate courts do not constitute "properly filed" applications for post-conviction relief, and Moore's petition is therefore untimely. Alternatively, the State asserts that Moore has failed to exhaust the grounds he presents here.

Although Moore made several filings after the State filed its Motion to Dismiss, only his

---

Court revealed no actions filed by Moore. [10] at 4 n.5.

Motion to Grant Objection [25] briefly addresses the State's motion and argues that the State is attempting to mislead this Court with its interpretation of state court rulings. [25] at 7. Otherwise, Moore's filings maintain his innocence and attack his convictions.

Although the State argues that Moore's petition is untimely, the undersigned declines to base this recommendation on that argument. Instead, for the reasons detailed below, the undersigned finds that Moore has failed to exhaust his available state court remedies.

## DISCUSSION

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). A habeas petitioner has failed to meet the exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Respondent argues that Moore's federal habeas petition is premature because the claims he presents in this petition have never been properly presented to the state's highest court.

The relevant portions of § 2254 provide as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
    \*   \*   \*
(3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under

the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120 S.Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S.Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387.

Based on the record before the Court, the claims raised by Moore in this petition have never been properly presented to Mississippi's highest court. According to the State, and as Moore admits, he has also failed to file a state post-conviction motion to challenge his convictions and sentences. Accordingly, he has failed to exhaust his state court remedies.

The Court acknowledges that it has the authority to hold a habeas petition in abeyance while a petitioner exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines,* a federal court presented with unexhausted claims has the discretion in limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court if the petitioner can show good cause for his failure to exhaust. *Id.* However, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Respondent submits that such "limited circumstances" do not exist in the instant case because Moore fails to show "good cause" for his failure to exhaust his claims in state court. The undersigned agrees. *See Reyer v. King*, 2008 WL 625096 (S. D. Miss. Mar. 5, 2008) (considering

*Rhines* and dismissing claims for petitioner's failure to show "good cause").

## CONCLUSION

Accordingly, based on the foregoing analysis, the undersigned recommends that Respondent's Motion to Dismiss [10] be granted, and this matter be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 15th day of January, 2019.

      /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE