# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ADRIAN O. MOORE #192273**                                      **PETITIONER**

**v.**                                                      **CIVIL NO. 1:18cv156-HSO-FKB**

**WARDEN ANDREW MILLS**                                   **RESPONDENT**

### ORDER OVERRULING PETITIONER'S OBJECTION [40], DENYING PETITIONER'S MOTION OF JUDGMENT [39], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [38], GRANTING RESPONDENT'S MOTION TO DISMISS [10], AND DISMISSING PETITION [1] WITHOUT PREJUDICE

BEFORE THE COURT is Petitioner Adrian O. Moore's Objection [40] to United States Magistrate Judge F. Keith Ball's Report and Recommendation [38] entered on January 16, 2019, Petitioner's Motion of Judgment [39], and Respondent Warden Andrew Mills' Motion [10] to Dismiss. After consideration of the proposed findings of fact and conclusions set forth in the Report and Recommendation, the record, and relevant legal authority, the Court finds that Petitioner's Objection should be overruled, his Motion of Judgment should be denied, the Report and Recommendation should be adopted as the finding of the Court, Respondent's Motion should be granted, and Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody should be dismissed without prejudice.

## I. RELEVANT BACKGROUND

On May 7, 2018, Adrian O. Moore ("Moore" or "Petitioner") filed a Petition [1] Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody,

alleging violations of his constitutional rights and asking the Court to vacate his state court sentences for murder and aggravated assault and remand for a new trial, or to dismiss his state court convictions and expunge the state court record. Pet. [1] at 1-18.  Petitioner admits that he "did not file a motion for habeas corpus, in the (state) court of my trial" because after the direct appeal of his convictions to the Mississippi Supreme Court was denied, he ceased to address his case to the state courts. *Id*. at 6, 11.  Respondent Warden Andrew Mills ("Respondent") has filed a Motion [10] to Dismiss arguing that the Petition is untimely because it was filed more than one year after Moore's convictions became final, or, alternatively, that the Petition should be dismissed because Moore failed to exhaust his state court remedies.  Mot. To Dismiss [10] at 1-13.

On January 16, 2019, the Magistrate Judge entered a Report and Recommendation [38] finding that, because Petitioner had "failed to exhaust his available state court remedies," the Petition [1] should be dismissed without prejudice.  R. & R. [38] at 1-6.  Petitioner filed an Objection [40] to the Report and Recommendation on February 1, 2019, seeking, in pertinent part, that the Court "waive the time bar."[1]  Obj. [40] at 1-6.  Petitioner has also filed a Motion of

---

[1] Petitioner asserts that he would have timely filed this 2254 Petition, but that he was awaiting a response from the United States Supreme Court on his petition for writ of certiorari.  Obj. [40] at 6.  Petitioner asks this Court to utilize all of its resources to contact the United States Supreme Court Justices to determine which of them removed his petition for writ of certiorari from the clerk's file, in order to prove that he did in fact request certiorari and that it is still pending at the Supreme Court, which would make his 2254 Petition is timely.  *Id*.  Because the

2

Judgment [39] which appears to seek an appeal of the Magistrate Judge's January 16, 2019, Text Only Order denying as moot his Motion for Sanctions [31], Motion to Quash [12], Motion to Amend/Correct [15], (untitled) Motion [21], Motion for Writ [23], and Motion to Grant in Objection [25].

## II. DISCUSSION

A.  Standard of Review

Because Petitioner has submitted an Objection [40] to the Magistrate's Report and Recommendation [38], this Court is required to make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)). However, the court need not "reiterate the findings and conclusions of the magistrate judge." *Id.* Nor must it consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). With respect to those portions of the Report and Recommendation to which Petitioner did not object, the Court need only review those findings under a clearly erroneous or contrary to law standard. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court is mindful that Congress, through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241, et seq., has restricted federal court review of habeas petitions filed on behalf of persons in state custody. *White v.*

---

Court concludes that the Petition should be dismissed for failure to exhaust available state court remedies, this issue need not be addressed.

*Thaler*, 610 F.3d 890, 898 (5th Cir. 2010). Specifically, 28 U.S.C. § 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA's substantively deferential posture towards the judgment of state courts comports with its procedural requirement that a petitioner must exhaust his remedies in state court before turning to the federal system for relief. *Carty v. Thaler,* 583 F.3d 244, 254 (5th Cir. 2009)*; see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to a federal court."); *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973) ("The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity."); *Deters v. Collins*, 985 F.2d 789, 794 (5th Cir. 1993) ("[T]he most dominant and important concern of exhaustion is that of comity: State courts should have the first opportunity to make right their mistakes."). "When undertaking review, 'we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly

presented his claims to the state courts.'" *Carty*, 583 F.3d at 253-54 (quoting *O'Sullivan*, 526 U.S. at 848).

The exhaustion requirement is set forth in § 2254(b) states in pertinent part as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> 
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> 
> (B) (i) there is an absence of available State corrective process; or
> 
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A)-(B)(i-ii).

Congress has generally prohibited federal courts from granting habeas relief to persons in state custody unless a petitioner first presents his claim to the state court. *See* 28 U.S.C. § 2254(b)–(c).

> The exhaustion requirement is satisfied when the substance of the federal claim is "fairly presented" to the highest state court on direct appeal or in state post-conviction proceedings, "even if the state court fails to address the federal claim," *Soffar v. Dretke*, 368 F.3d 441, 467 (5th Cir. 2004), or, if the federal claim is not fairly presented but the state court addresses it *sua sponte, Jones v. Dretke*, 375 F.3d 352, 355 (5th Cir. 2004).

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013).

B.   <u>Analysis</u>

The Report and Recommendation concluded that the Petition should be dismissed because Petitioner had not exhausted his available state court remedies.

5

R. & R. [38] 4-6. A review of Moore's Objection reflects that he objects to having his Petition dismissed as untimely; he does not appear to allege any basis in law or fact to establish that he ever pursued post-conviction relief in the state courts or that he exhausted his available state court remedies. Indeed, he admits in his Petition that he has not done so.[2]

Because the record clearly reflects that Petitioner has not exhausted his state court remedies, the Magistrate Judge properly recommended that the Petition be dismissed without prejudice on that basis. *Johnson*, 712 F.3d at 231. Petitioner's Motion of Judgment [39] should therefore be denied as moot.

Having conducted the required review, the Court concludes that the Magistrate Judge's Report and Recommendation thoroughly considered all issues and should be adopted as the opinion of the Court.

III. CONCLUSION

The Court finds that the Magistrate Judge properly recommended that Petitioner Adrian O. Moore's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be dismissed without prejudice. The Report and Recommendation

---

[2] The record does reflect that on December 7, 2016, the Mississippi Supreme Court found that Moore had filed a Motion to Present Newly Found Evidence [10-7], which the Mississippi Supreme Court construed as being in the "nature of an application for post-conviction relief" and treated it as such. Ex. "H" - Order [10-8] at 1. However, the Mississippi Supreme Court concluded that Moore had "failed to properly support his contention" of newly discovered evidence and "denied his application" for post-conviction relief. *Id.* Thus, that Motion did not "properly exhaust" Petitioner's state court remedies because Moore did not "fairly present" his claims to the state courts. *Carty*, 583 at 253-54 (quoting *O'Sullivan*, 526 U.S. at 848).

6

will be adopted as the opinion of this Court, and Petitioner's Motion of Judgment will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Adrian O. Moore's Objection [40] to the Magistrate Judge's Report and Recommendation [38] entered in this case on January 16, 2019, is **OVERRULED**, and the Report and Recommendation is adopted as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Warden Andrew Mills' Motion to Dismiss [10] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Adrian O. Moore's Motion of Judgment [39] is **DENIED**, and his Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus [1] filed May 7, 2018, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure

**SO ORDERED AND ADJUDGED**, this the 22nd day of March, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE